# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

TRACY BUMPUS, surviving spouse and personal representative of the estate of SCOTT ALAN BUMPUS, deceased; ROSS BUMPUS, surviving son of SCOTT ALAN BUMPUS, deceased; BRIAN HUETHER, surviving spouse and personal representative of the estate of SHELLI HUETHER, deceased, and guardian of AH and LH, the minor children of SHELLI HUETHER, deceased; BRANDON WRIGHT, surviving spouse and personal representative of the estate of JESSICA WRIGHT, deceased, and guardian of J.W. and B.W., the minor children of JESSICA WRIGHT, deceased,

        Plaintiffs,

        v.

USAC ROSS LLC d/b/a ROSS ALUMINUM; et. al.,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. N22C-09-008 JRJ

## ORDER

Date Submitted:  December 18, 2023
Date Decided:  January 9, 2024

**AND NOW TO WIT**, this 9th day of January 2024, the Court having duly considered Plaintiffs' Motion for Reconsideration ("Motion"),[1] Defendants' opposition thereto ("Opposition"),[2] and the record in this case, **IT APPEARS THAT:**

(1)  On December 5, 2023, the Court granted summary judgment in favor of Defendant, USAC Ross, LLC ("USAC") relating to Plaintiffs' wrongful death action.[3]  The Court determined that USAC could not be held liable as a successor to Ross Aluminum, LLC ("Ross") under Delaware law,[4] and found the choice of law provision ("Provision") selecting New York law[5] was invalid pursuant to the Restatement (Second) of Conflict of Laws ("Restatement") § 187(2)(a).[6]  In the absence of an effective choice of law provision, the Court found Delaware to be the default state.[7]

(2)  On December 11, 2023, Plaintiffs filed the instant Motion, arguing the Court erred when it held that: New York Obligation Law § 5-1401 provided an

---

[1] Pls.' Mot. for Recons., Trans. ID 71589868 (Dec. 11, 2023).
[2] Defs.' Opp'n to Pls.' Mot. for Recons., Trans. ID 71641883 (Dec. 18, 2023).
[3] Mem. Op., Trans. ID 71550921 (Dec. 5, 2023).
[4] *Id.* at 16.
[5] *Id.* at 4-5.
[6] *Id.* at 14-15.  Section 187(2)(a) of the Restatement states that a valid choice of law provision in a contract will be applied *unless*: "the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice."  *Id.* at 8 (quoting Restatement (Second) of Conflicts of Laws § 187(2)(a) (1971)).
[7] *Id.* at 15.  *See* Restatement (Second) of Conflicts of Laws § 188(2).

2

insufficient basis to find that the parties acted reasonably;[8] the Plaintiffs provided no reason why the parties' choice of New York law was reasonable;[9] and the Court failed to give weight to Mr. Golden's binding admission.[10]

(3) In opposition, Defendants argue that Plaintiffs' Motion rehashes the same arguments already considered and decided by the Court,[11] and Plaintiffs fail to argue or demonstrate the Court's decision constitutes a manifest injustice.[12]

(4) A motion for reconsideration or reargument is governed by Superior Court Civil Rule 59(e).[13] The movant bears a heavy burden and must "demonstrate newly discovered evidence, a change in the law, or manifest injustice."[14] Pursuant to Rule 59(e), the motion will be granted "only if the Court has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[15] A motion for reconsideration or reargument "is not an opportunity for a party to rehash the

---

[8] Pls.' Mot. for Recons. at 1.

[9] *Id.* at 5.

[10] *Id.* at 6.

[11] Defs.' Opp'n to Pls.' Mot. for Recons. at 1-4.

[12] *Id.* at 4-6. Further, Defendants argue that Plaintiffs have not shown that if the Court had applied New York law the result would have been different. *Id.*

[13] Super. Ct. Civ. R. 59(e).

[14] *Brenner v. Vill. Green, Inc.*, 2000 WL 972649, at *1 (Del. Super. May 23, 2000).

[15] *State v. Brinkley*, 132 A.3d 839, 842 (Del. Super. 2016) (internal quotation marks omitted) (quoting *Kennedy v. Invacare, Inc.*, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006)).

arguments already decided by the court, nor should a party present any new argument that could have been previously raised but was not."[16]

(5) As Defendants correctly note, "Plaintiffs' sole basis for re-argument is that the Court misunderstood Plaintiffs' argument regarding the reasonableness of the New York choice-of-law provision in the PSA between USAC and SummitBridge National Investments, VI, LLC."[17] As Defendants also correctly note, "[t]he argument on reasonableness . . . was squarely raised by Plaintiffs and rejected by the Court in ruling on the Summary Judgment Motion."[18]

(6) The Plaintiffs have failed to demonstrate that the Court's decision was based on a material misapplication of law or a misapprehension of the facts. Plaintiffs point to no case where a Delaware court relied on § 5-1401,[19] and they

---

[16] *Martinez v. E.I. DuPont De Nemours & Co., Inc.*, 2012 WL 6845678, at *2 (Del. Super. Dec. 5, 2012).

[17] Defs.' Opp'n to Pls.' Mot. for Recons. at 2-3.

[18] *See id.* at 3 ("In their brief opposing the Summary Judgment Motion, Plaintiffs spent a full five pages arguing the reasonableness of the choice-of-law provision in the PSA, and an additional two pages discussing [the] application of New York Obligation Law § 5-1401. Plaintiffs even admit in their Motion that they previously 'argu**ed** that New York Obligation Law § 5-1401 demonstrated that the parties had a reasonable basis to choose New York law;' and '**expressly argued** that contracting parties may reasonably choose New York commercial law because it is well-developed.' Defendants addressed these same issues in their reply brief, and the parties extensively addressed these issues before the Court during oral argument. In short, every component of these arguments raised by the Plaintiffs was squarely presented to the Court.") (internal citations omitted) (emphasis in original).

[19] *See* Pls.' Mot. for Recons. at 3-4. Plaintiffs attempt to raise a new argument in their Motion by asserting the Court should find New York Obligation Law § 5-1401 persuasive because Delaware has a similar statute. *Id.* at 4-5. The Court will not consider it. *See Rhoades v. Clinkscale*, 2016 WL 3960267, at *1 (Del. Super. July 20, 2016) ("A motion for reargument is not an opportunity for a party . . . to present new arguments not previously raised.").

offer no facts establishing a relationship between the Parties and the Provision to the state of New York.[20]

(7)  Plaintiffs fail to establish the Court overlooked controlling precedent or legal principles, or misapprehended the law or the facts such that would have changed the outcome.  Further, Plaintiffs have failed to argue or demonstrate newly discovered evidence, a change in the law, or manifest injustice.

**NOW, THEREFORE**, for the foregoing reasons, Plaintiffs' Motion for Reconsideration is **DENIED.**

**IT IS SO ORDERED.**

/s/ Jan R. Jurden
Jan R. Jurden, President Judge

Original to Prothonotary

---

[20] *See Focus Fin. P'rs, LLC v. Holsopple*, 241 A.3d 784, 804 (Del. Ch. 2020) ("A comment to Section 187 explains that '[w]hen the state of the chosen law has some substantial relationship to the parties or the contract,' then the parties have a reasonable basis for their choice of law.") (quoting Restatement (Second) of Conflicts of Laws § 187 cmt. *f*).